FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

DEC 0 2 2015

BY
DEPUTY_____

IN THE UNITED STATES OF AMERICA
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 9:15CR23 |
| | § | Schneider/Hawthorn |
| DALE DALTON ROBINSON | § | |

# INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

## Count One

Violation: 18 U.S.C. § 924(c)
(Possession of a Firearm in
Furtherance of Drug Trafficking
Crime)

On or about August 27, 2015, in Angelina County, Texas, in the Eastern District of Texas, **Dale Dalton Robinson**, defendant, did knowingly possess a firearm, to wit: one Raven arms, model P25, .25 caliber pistol, bearing serial number 178364, during and in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, for a violation of 21 U.S.C. § 841(a), Possession with Intent to Distribute a Controlled Substance.

In violation of 18 U.S.C. § 924(c).

## Count Two

Violation: 18 U.S.C. § 924(c)<br>(Possession of a Firearm<br>In Furtherance of a Drug<br>Trafficking Crime)

On or about September 2, 2015, in Angelina County, Texas, in the Eastern District of Texas, **Dale Dalton Robinson**, defendant, did knowingly possess a firearm, to wit: one High Standard, model DM101, .22 caliber handgun, serial number: 1566187, during and in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, for a violation of 21 U.S.C. § 841(a), Possession with Intent to Distribute a Controlled Substance.

In violation of 18 U.S.C. § 924(c).

## Count Three

Violation: 18 U.S.C. § 922(g)<br>(Possession of a Firearm by a Prohibited<br>Person)

On or about September 2, 2015, in Angelina County, Texas, in the Eastern District of Texas, **Dale Dalton Robinson,** defendant, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit: Possession of a Controlled Substance, a felony, in Cause Number 2014-0042 in the 217th Judicial District Court of Angelina County, Texas on May 14, 2014, did knowingly and unlawfully possess in and affecting interstate commerce a firearm, to wit: one High Standard, model

DM101, .22 caliber handgun, serial number: 1566187 and one Raven Arms, model P25, .25 caliber handgun, serial number: 178364.

In violation of 18 U.S.C. § 922(g)(1).

### NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE
### Criminal Forfeiture Pursuant to 18 U.S.C. § 924(d), 18 U.S.C. § 3665 and 28 U.S.C. § 2461(c)

As a result of committing the felony offense in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 922(g)(1) alleged in Counts One and Two, defendant, **Dale Dalton Robinson**, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any property constituting, or derived from, proceeds obtained directly, or indirectly, as a result of the said violation, and any property used, or intended to be used in any manner or part, to commit or to facilitate the commission of the said violation, including but not limited to the following:

1.) One High Standard model DM101, .22 caliber handgun, serial number: 1566187.
2.) Raven Arms, model P25, .25 caliber handgun, and serial number: 178364.

By virtue of the commission of the offense alleged in this indictment, any and all interest the defendant has in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. § 924(d), 18 U.S.C. § 3665, and 28 U.S.C. § 2461.

A TRUE BILL

_____
GRAND JURY FOREPERSON

JOHN M. BALES
UNITED STATES ATTORNEY

_____
PAUL A. HABLE
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | No. 9:15CR 23 |
| DALE DALTON ROBINSON | § § § | Judge _____ |

## NOTICE OF PENALTY

### Count One

Violation:   18 U.S.C. 924(c)

Penalty:   Possession of a Firearm in Furtherance of a Drug Trafficking Crime

Imprisonment of not less than 5 years or more than life, unless the firearm is brandished, in which case the minimum is 7 years, or unless the firearm is discharged, in which case the minimum sentence is 10 years, which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000.00, or both; and supervised release of not more than five (5) years.

In the case of a second or subsequent conviction, imprisonment of not less than 25 years which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000.00, or both; and supervised release of not more than five (5) years.

Special Assessment:   $100.00

### Count Two

Violation:   18 U.S.C. 924(c)

Penalty:   Possession of a Firearm in Furtherance of a Drug Trafficking Crime

Imprisonment of not less than 5 years or more than life, unless the firearm is brandished, in which case the minimum is 7 years, or unless the firearm is discharged, in which case the minimum sentence is 10 years, which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000.00, or both; and supervised release of not more than five (5) years.

**Notice of Penalty – Page 1**

In the case of a second or subsequent conviction, imprisonment of not less than 25 years which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000.00, or both; and supervised release of not more than five (5) years.

Special Assessment:     $100.00

### Count Three

Violation:   18 U.S.C. 922(g)(1)

Penalty:     Possession of a Firearm by a Prohibited Person

Imprisonment of not more than ten (10) years, a fine not to exceed $250,000 or twice the pecuniary gain to the defendant or loss to the victim, or both imprisonment and a fine; and a term of supervised release of not more than three (3) years. If the Court determines that the defendant is an Armed Career Offender under 18 U.S.C. ' 924(e), imprisonment of not less than 15 years and not more than life, a fine not to exceed $250,000 or twice the pecuniary gain to the defendant or loss to the victim, or both; a term of supervised release of not more than five (5) years.

Special Assessment:     $100.00

**Notice of Penalty – Page 2**