# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| | § CASE NUMBER 9:15-CR-00023-MAC |
| v. | § |
| | § |
| | § |
| DALE DALTON ROBINSON, | § |
| | § |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On July 31, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Dale Dalton Robinson. The government was represented by Dustin Farahnak, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jon Hyatt.

Defendant originally pled guilty to the offense of Possession of a Firearm in Furtherance Of Drug Trafficking Crime, a Class A felony. The United States Sentencing Guideline range for this offense, based on a total offense level of 0 and a criminal history category of VI, was 60 months. The offense carried a maximum imprisonment term of life. On August 11, 2016, District Judge Michael Schneider sentenced Defendant to 60 months imprisonment followed by three years of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, mental health treatment, acquiring a GED, and substance abuse testing and treatment. Defendant's original term of supervision was revoked on March 7, 2022 and he was sentenced to 14 months imprisonment followed by a 3-year term of supervised release to include

120 days home confinement. On January 30, 2023, Defendant completed his term of imprisonment and began his term of supervised release.

Under the terms of supervised release, Defendant was required to refrain from committing another federal, state, or local crime. In Allegation 1 of its petition, the government alleges that Defendant violated the conditions of his supervised release when he was arrested by the Smith County Sherriff's Office on March 19, 2023 for a class A misdemeanor. If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by committing a class A misdemeanor, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the court may revoke the term of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade C violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision as alleged in Allegation 1 of the government's petition. In exchange, the government agreed to recommend to the court a sentence of 12 months and 1 day imprisonment, with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and he be sentenced to a term of 12 months and 1 day imprisonment, with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI El Reno, Oklahoma. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 2nd day of August, 2024.**

2

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE